**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MACK LANGFORD,
ADC #94147, et al.                                                                                   PLAINTIFFS

v.                                         5:05-cv-00216-BSM-JTK

NNAMDI IFEDIORA, et al.                                                                      DEFENDANTS

**ORDER**

This matter is before the Court on the Motion for Partial Summary Judgment filed by Defendants Ifediora and Correctional Medical Services, Inc. (CMS) ("medical defendants") (Doc. No. 192). Plaintiffs filed a Response to the Motion (Doc. No. 203) and Defendants filed a Reply (Doc. No. 206).

Defendants raise several arguments in support of their Motion for dismissal of the Plaintiffs' claims against them. Three of their arguments challenge Plaintiff's claims based on the Rehabilitation Act, the Americans With Disabilities Act, and the state law tort of outrage. These arguments were first raised in a supplemental reply to previous summary judgment motions, which was filed on March 30, 2009 (Doc. No. 152). However, the arguments were not addressed in the Recommended Disposition entered on that same date (Doc. No. 151). Although Defendants raised these additional arguments in their Objections to the Recommended Disposition, the Court adopted the Recommendations "in their entirety" on April 6, 2009, without mention of these additional arguments (Doc. No. 162).

In their Response to the present Motion, Plaintiffs state that since the Court adopted the Recommendation that Defendants' summary judgment motions be denied (in the April 6, 2009 Order), and since Defendants did not timely file a motion for reconsideration of that order,

Defendants are precluded from now asking the Court to consider their arguments in favor of dismissal of those claims. Plaintiffs state the law-of-the-case doctrine applies and "requires the court to adhere to decisions made in earlier proceedings 'in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy.'" Quoting United States v. Bartsch, 69 F.3d 864, 866 (8th Cir. 1995) (Doc. No. 204, p. 6).  Finally, Plaintiffs request additional time  if the Court requires supplemental briefing of these issues.

Defendants, in their Reply, state that the law of the case does not apply, because a denial of summary judgment is considered an interlocutory order, citing White Consol. Indus., Inc. v. McGill Mfg. Co., 165 F.3d 1185, 1187 (8th Cir. 1999).

The Court agrees with the Defendants and finds that the law-of-the-case does not apply to this situation.  In Murphy v. FedEx Nat. LTL, Inc., 618 F.3d 893, 905 (8th Cir. 2010), the court stated that the law-of-the-case doctrine applies only to final orders and not to interlocutory orders, such as a denial of summary judgment.  In addition, this Court notes that Defendants' arguments concerning these claims were never actually ruled on by this Court  Therefore, the Court will hold in abeyance ruling on the summary judgment, and will provide Plaintiffs an opportunity to respond to the arguments concerning the claims based on the Rehabilitation Act, the Americans With Disabilities Act, and the tort of outrage.   Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiffs shall respond to the Defendants' arguments concerning the Rehabilitation Act, Americans With Disabilities Act, and tort of outrage claims within twenty days of the date of this Order.  Defendants may file a reply within five days of the response.

IT IS SO ORDERED this 19th day of April, 2011.

                                                                                     _____
                                                                                      JEROME T. KEARNEY
                                                                                      UNITED STATES MAGISTRATE JUDGE